Filed 9/11/14  P. v. Cooper CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065534 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD139243) |
| DEANGELO COOPER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Anna M. Jauregui-Law, under appointment by the State of California, for Defendant and Appellant.

No appearance by Respondent.

In 1999, Deangelo Cooper was convicted in a court trial of possession of a firearm by a felon.  (Pen. Code, § 12021, subd. (a)(1).)[1]  The court also found true three serious/violent felony convictions within the meaning of section 667, subdivisions (b)

_____

[1]    All statutory references are to the Penal Code.

through (i) and one prison prior within the meaning of section 667.5, subdivision (b).

Initially, the court struck two of the three strikes and sentenced Cooper to a seven-year

prison term. As detailed below, in 2001 the court reinstated both strikes as ordered by

this court and imposed an indeterminate sentence of 25 years to life plus one year for the

prison prior.

This appeal arises from the trial court's denial of appellant's petition to modify his

sentence pursuant to section 1170.126. We find no error and affirm.

FACTS AND PROCEDURAL BACKGROUND

The facts concerning appellant's conviction for possession of a firearm by a felon

and the sentencing hearings attendant to that conviction are outlined in detail in three

unpublished opinions issued by this court. (*People v. Cooper* (Dec. 22, 1999, D033007);

*People v. Cooper* (Jan. 12, 2001, D035524); *People v. Cooper* (Oct. 10, 2002, D038322.)

We take judicial notice of those opinions and rely on them to set forth the factual and

procedural backgrounds underlying the current appeal as the record before us is limited to

documents relevant to the petition referenced above. Those prior opinions reveal the

following.

In August 1998, appellant was stopped by police at about 10:30 p.m. because the

light was out over his license plate. He was on parole at the time. The contact ultimately

revealed a nine-millimeter pistol in his waistband. The pistol was fully loaded and

contained 15 rounds of hollow-point ammunition.

2

Appellant's criminal history revealed he had suffered three prior strike convictions. Two were juvenile adjudications, one for attempted robbery with the personal use of a deadly weapon (a baseball bat), and one for robbery with personal use of a firearm. The third was for attempted murder of a police officer with the personal use of a firearm.

At appellant's first sentencing hearing in 1999, the trial court (Judge John Thompson) struck the two prior juvenile adjudications and sentenced Cooper to a determinate term of seven years, consisting of the upper term of three years for possession of the firearm, doubled pursuant to section 667, subdivision (e)(1), plus one year for the prison prior. The People appealed and we reversed the trial court's decision striking the prior convictions. We determined the trial court had failed to set forth in the minutes its reasons for dismissing two of appellant's three strikes as required by section 1385. (See *People v. Cooper, supra* (D033007).) We also questioned whether the trial court's verbal statement of reasons provided a sufficient basis for such dismissal.

On remand for resentencing, Judge Thompson again dismissed two of Cooper's three strikes and imposed the same seven-year sentence. The People again appealed and we reversed, concluding the court abused its discretion in striking the strikes as there was no basis in the record to support the court's decision. We directed the trial court to reinstate the serious/violent felony prior convictions and to sentence appellant in accordance with the three strikes sentencing provisions. (See *People v. Cooper, supra* (D035524).) In May 2001, the trial court did so, and imposed an indeterminate sentence of 25 years to life for the possession of the firearm plus one year for the prison prior.

3

Appellant appealed, challenging the new sentence on claims of cruel and unusual punishment and denial of due process. We rejected both contentions and affirmed the judgment and sentence. (See *People v. Cooper, supra* (D038322).)

In November 2012, appellant filed a petition for modification of his sentence under section 1170.126, commonly referred to as The Three Strikes Reform Act of 2012. At the hearing on January 14, 2014, Judge David Danielson denied the petition in 2014 on the ground that appellant was statutorily ineligible due to the attempted murder prior conviction.

## DISCUSSION

Appointed appellate counsel has filed a brief setting forth evidence in the superior court. Counsel presents no argument for reversal, but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25 Cal. 3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to a possible, but not arguable, issue of whether the trial court erred in denying appellant's petition for modification of sentence under section 1170.126.

We granted Cooper permission to file a brief on his own behalf. He responded with a letter arguing the court erred when it increased his sentence from "7 years to 26 to life." He maintains his sentence was "called back for re-sentencing" and that under such circumstances, the court does not have the authority to impose a sentence greater than his original sentence. As outlined above, the People challenged Cooper's original sentence of seven years, claiming it was not a lawful sentence. This court concluded Judge

4

Thompson's seven-year sentence was unauthorized. We vacated that sentence and directed the court to reinstate his prior strike convictions. The court did so and then properly imposed a greater sentence; we affirmed that sentence on appeal. If appellant is now attempting to challenge that sentence in this appeal, the challenge is untimely and therefore fails.

If, instead, appellant is attempting to challenge the denial of his petition for sentence modification, this argument also fails. Following passage of the Three Strikes Reform Act, a request for sentence modification was filed on appellant's behalf. The court appointed counsel to represent appellant and to evaluate his eligibility for sentence modification pursuant to the Three Strikes Reform Act. At the January 14, 2014 hearing, the court (Judge Danielsen) denied the petition, finding appellant was not eligible for sentence modification because of his prior conviction for attempted murder. The court's conclusion was a correct one.

A review of the record pursuant to *People v. Wende, supra*, 25 Cal. 3d 436 and *Anders v. California, supra*, 386 U.S. 738, including the possible issue referred to by appellate counsel, has disclosed no reasonably arguable appellate issue. Competent counsel has represented Cooper on this appeal.

DISPOSITION

The judgment is affirmed.


                                                                    HALLER, J.

WE CONCUR:


BENKE, Acting P. J.


O'ROURKE, J.

6